## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH OLSAVSKY, Individually
and On Behalf of All Others
Similarly Situated                                     Civil Action No.

      Plaintiff,

v.

EXPRESS SCRIPTS, INC.,

      Defendant.

## CLASS ACTION COMPLAINT

Plaintiff Joseph Olsavsky, by Counsel, individually and on behalf of all others similarly situated, states the following for his Class Action Complaint against Defendant Express Scripts, Inc. (hereinafter "Express Scripts"):

## INTRODUCTION

1.      This is a civil action involving a St. Louis corporation that targets lawyers and their injured clients across Pennsylvania by charging them exorbitant and unlawful fees for health records in violation of Pennsylvania law.

2.      Plaintiff brings this action on behalf of a Class of individual citizens of the Commonwealth of Pennsylvania who were charged exorbitant fees for a copy of their health records by Express Scripts.

3.      Express Scripts specifically targets third-party requests for law firms acting as authorized agents on behalf of injured customers of Express Scripts, engaging in a practice of charging excessive, arbitrary, unreasonable and illegal fees to people who authorize a third-party lawyer to lawfully request copies of pharmacy health records.

4.      Express Scripts charged Plaintiff Joseph Olsavsky and members of the proposed

Class a flat fee of either $75.00 or $90.00 for "data processing" when they requested and later

received a copy of their Express Scripts pharmacy records through their lawyers. This charge is in

violation of Pennsylvania common law, the law of good faith and fair dealing, as well as 45 C.F.R.

§ 164.502(a)(5)(ii)(B)(2)(viii) because Defendant does not attempt to provide any accounting of

the costs to produce such records, despite claiming that the costs are reasonable.

     5.      Defendant willfully misrepresents the nature of the fee when third-party requestors

are presented with a form required to request and process such health records and refuses to process

any requests unless the fee is paid first.

## PARTIES

     6.      Plaintiff Joseph Olsavsky is, and at all times relevant to this action, was a citizen of

Pennsylvania, residing in West Leisenring, Fayette County, Pennsylvania.

     7.      Defendant Express Scripts is a Missouri corporation having its principal place of

business at 1 Express Way, St. Louis, Missouri 63121. Defendant does business throughout the

United States, including in the Commonwealth of Pennsylvania, and maintains a registered agent

in Pennsylvania and has been registered with the Pennsylvania Secretary of State for more than 20

years.

## JURISDICTION AND VENUE

     8.      This Court has jurisdiction over both the parties and the subject matter of this class

action proceeding because a substantial number of the events and omissions related to Plaintiff's

claims transpired in the Western District of Pennsylvania, U.S. District Court. This Court also has

original jurisdiction under 28 U.S.C. section 1332 because it is between citizens of different states

(as described above), and the amount in controversy exceeds the sum or value of $75,000,

exclusive of costs and interest, and pursuant to the Class Action Fairness Act (CAFA) of 2005, as

discussed in more detail below.

## CLASS ACTION ALLEGATIONS

9.      This action may be brought and properly maintained as a class action pursuant to

the provisions of Rule 23(a), (b)(2), (b)(3), and (c)(4) of the Federal Rules of Civil Procedure.

Plaintiff brings this action on behalf of himself and a class of all others similarly situated.

10.     Plaintiff brings this class action on behalf of the following class of Pennsylvania

citizens:

> **All individual citizens of the Commonwealth of Pennsylvania
> who were charged excessive and unreasonable fees of either
> $75.00 or $90.00 for a copy of their health information and/or
> records from Express Scripts, following a request by a third-
> party law firm or records company on their behalf from
> January 1, 2008 to present.**

11.     In accordance with Fed. R. Civ. P. 23, the Class is so numerous that joinder of all

members is impracticable.  While the exact number is not known at this time, it is generally

ascertainable by appropriate discovery, and it is believed the class includes more than 1,000 such

third-party requests from 2008 to present.

12.     In accordance with Fed. R. Civ. P. 23, there are questions of law and facts common

to the Class which predominate over any individual issues.  Common questions of law and facts

include, without limitation:

a.      Whether Defendant owed a duty to the class members under the applicable statutes

and law;

b.      Whether Defendant breached its contracts with Plaintiff and Class members in

violation of Pennsylvania law and in breach of their contracts with customers;

c.      Whether Defendant violated and breached its contracts with customers and their

third-party law firm requestors by charging a flat fee for medical records that should

have cost only a few dollars per page;

d.      Whether Defendant maintains health information as defined by HIPAA, 45 C.F.R. § 160.103;

e.      Whether Defendant maintains patient protected health information as defined by HIPAA, 45 C.F.R. § 160.103;

f.      Whether HIPAA's privacy section applies to Defendant because Defendant is a health plan, health care clearinghouse, and/or health care provider, 45 C.F.R. §§ 164.104, 164.500;

g.      Whether Defendant's production of prescription claims information constitutes the transmission of protected health information under HIPAA;

h.      Whether Defendant violated the above Pennsylvania laws by charging a flat fee of $75.00 or $90.00 for the cost of handling, copying, and shipping pharmacy records;

i.      Whether Defendant is charging a "reasonable, cost-based fee" to prepare and transmit protected health care information as permitted by state law to third-party requestors without providing any accounting to prepare and transmit such records. 45 C.F.R. § 164.502(a)(5)(ii)(B)(2)(viii); 45 C.F.R. 164.524(c)(4)(relating to reasonable, cost-based fees); 78 Fed. Reg. 5606 (Jan. 25, 2013);

j.      Whether Defendant fraudulently induced Pennsylvania residents to pay for health records by claiming the fee is necessary for "processing" when, in fact, no such flat fee is permitted;

k.      Whether Defendant violated Pennsylvania law by describing fees in an inherently vague and ambiguous manner as to confuse Plaintiff and Class into believing that they are being charged for important services provided when they are not;

l.      Whether Defendant was unjustly enriched by overcharging for medical records;

m.      Whether Defendant breached express and implied contracts with Pennsylvania residents who requested copies of their health records;

n.      Whether the Class is entitled to notice as to the overcharges;

o.      The policies and procedures developed by the Defendant regarding the retrieval and reproduction of medical records requested by Putative Class Plaintiffs;

p.      Defendant's vicarious liability for the actions of its employees;

q.      The legal relationships among the Defendant; and/or

r.      The extent of damages caused by Defendants' willful violations.

13.     Plaintiff's claims are typical of the Class.  As with members of the Class, Plaintiff was fraudulently, unfairly, deceptively and/or unlawfully overcharged for the retrieval and reproduction of medical records in violation of state statute and in breach of contract.  Plaintiff's interests coincide with, and are not antagonistic to, those of the other class members. Each member of the Class requested a copy of his or her health records from Express Scripts in writing through an authorized third-party law firm or records company, and provided a signed copy of a HIPAA compliant authorization, which Express Scripts required as part of its policies and procedures before a Class member could obtain the records through an authorized law firm. Express Scripts admits that the records contain protected health information and specifically cites HIPAA Privacy Rule 45 CFR §§160 and 164 in its policies and procedures for handling third-party requests.

14.     In accordance with Fed. R. Civ. P. 23, Plaintiff Joseph Olsavsky will fairly and adequately represent and protect the interests of the Class.

15.     Plaintiff has retained counsel experienced in the prosecution of class action litigation and counsel will adequately represent the interests of the Class. The undersigned counsel

routinely practices class action litigation, including class cases involving improper fees charged by other national pharmacy chains and also class actions involving the same practice engaged in by Express Scripts in other states, including Kentucky and Florida.[1]

16.     Plaintiff and his counsel are aware of no conflicts of interest between Plaintiff and absent Class members or otherwise.

17.     Plaintiff has or can acquire adequate financial resources to assure that the interests of the Class will not be harmed.

18.     Plaintiff is knowledgeable concerning the subject matter of this action and will assist counsel to vigorously prosecute this litigation.

19.     In accordance with Fed. R. Civ. P. 23, the class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of individual citizens of Pennsylvania to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that numerous individual actions would require. Class action treatment will also permit the adjudication of relatively small claims by certain class members, who could not individually afford to litigate a complex claim against a large corporate defendant. Further, even for those class members who could afford to litigate such a claim, it still would be economically impractical, as the cost of litigation is almost certain to exceed any recovery they would obtain.

20.     Plaintiff is unaware of any difficulty likely to be encountered in the management of this case that would preclude its maintenance as a class action.

## STATEMENT OF FACTS

---

[1] *Harrod v. Express Scripts, Inc.*, M.D. Fla., 8:17-cv-01607-JSM (second amended complaint filed Dec. 11, 2017); *Gearhart v. Express Scripts*, E.D. Ky., 0:18-cv-00002-HRW (third amended complaint filed Sept. 14, 2018).

21.     Plaintiff Joseph Olsavsky requested his pharmacy health records, through his authorized law firm agent, from Defendant Express Scripts, and was charged by Express Scripts and paid a $90.00 flat fee for six (6) pages of his medical records on or about April 20, 2018, which was in excess of what he should have been charged at the time pursuant to 45 Pa.B. 7617, and in excess of the cost of the handling, cost of copies, and actual shipping.

22.     Express Scripts is one of the largest corporations in the United States, with more than $100 billion in annual revenue. It offers pharmacy benefit management services through a network of retail pharmacies and also provides home-delivery pharmacy services to patients.

23.     The six pages of medical records received by Plaintiff through his agent reflect a mix of both retail pharmacy prescriptions and prescriptions directly filled by Express Scripts.

24.     The cost of Plaintiff's Express Scripts medical records was, or will be, deducted from a settlement of his claims in a products liability lawsuit, which will come directly out of Plaintiff's net recovery.

25.     Express Scripts refuses to comply with Pennsylvania law claiming it is not a health care provider, but instead a "pharmacy benefit management company." Express Scripts claims that its fee of either $75.00 or $90.00 is for "processing" and not for shipping[2].

26.     However, even Express Scripts' corporate representative confirms that no such accounting is done in the company to keep track of overhead costs for the processing of such records[3]. Hence, whether Plaintiff's records are healthcare records or not is immaterial under Pennsylvania law, as Plaintiff's sole claim here is that Express Scripts breached its express and implied contracts with Plaintiff and members of the class.

---

[2] A copy of the authorization form is available publicly at: https://www.express-scripts.com/members/hipaa/docs/prescriptionRecords.pdf (Last Accessed February 8, 2017).
[3] Deposition of Maryanne Cameron, pgs 164-65:15-24, 1-20; pg. 175:8-10 ("It's all inclusive, it's not itemized out, you know, postage, etc."), *Gearhart v. Express Scripts*, E.D. Ky., 0:18-cv-00002-HRW).

27.     Further, Express Scripts confirms that they charge all requestors the non-refundable $75.00 fee, regardless of various state law requirements related to fees companies may charge related to record requests[4].

28.     On or about April 1, 2018, Express Scripts increased its third-party processing fee to an even more outrageous $90.00, no matter how many pages of records are provided. Many third-party requests contain only two or three pages of records, and lawyers making third-party requests have no option but to pay the fee if they wish to further prosecute or investigate their clients' legal claims. In raising the non-refundable fee to $90.00, Express Scripts did not provide any explanation for how or why the cost was increased or whether it was reasonable.

29.     Although Plaintiff, through his agent, paid the data processing fee to Express Scripts, the payment was not voluntary because Express Scripts did not offer to waive or discount the fee if certain conditions were met.

## COUNT I
## UNJUST ENRICHMENT

Plaintiff, individually and on behalf of all others similarly situated, for this Count, alleges the following:

30.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

31.     To the detriment of Plaintiff and the Class, Defendant has been, and continues to be, unjustly enriched as a result of their wrongful conduct alleged herein. Specifically, Defendant collected exorbitant and unreasonable fees of $75.00 or $90.00 from hundreds of Pennsylvania citizens in exchange for a few pages of paper that should have cost only a few dollars.

32.     Plaintiff and the Class conferred a benefit on Defendant when Defendant

---

[4] *Id.* pg. 151: 11-15 (stating that even if a person only has one page of records, they are charged the $75 fee.)

8

overcharged Plaintiff and Class for reproduction of medical records in violation of Pennsylvania law.

33.     Defendant unfairly, deceptively, unjustly and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

34.     Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained profits received by Defendant as a result of their inequitable conduct as more fully stated herein.

**COUNT II**
**BREACH OF CONTRACT**

Plaintiff, individually and on behalf of all others similarly situated, for this Count, alleges the following:

35.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

36.     There exists a valid and enforceable contract between Defendant and each individual and/or law firm agent of the individual who makes a valid request for copies of a customer's health records. The customer or the customer's authorized representative makes a request to Defendant to provide copies of the customer's pharmacy records or information, which Defendant agrees and obligates itself to provide in exchange for a flat fee of $75.00 or $90.00 for processing.

37.     Defendant's uniform practice of charging and collecting the flat-rate fees described herein for Prescription Claims Information/Prescription History (PBM) third-party records requests constitutes a breach of contract, whether express or implied, with class members in the following respects:

a.     Defendant leads customers and their agents to believe that the fees charged are

9

reasonable and necessary based on the language it includes on its invoices. However, the fees charged and collected by Defendant for processing pharmacy records requests are not reasonably related to the actual cost to Defendant to process the pharmacy records requests, which typically include only a handful of pages of information, nor is the fee charged permissible under federal and/or state statutory and/or common law. To the contrary, Express Scripts admits, through its corporate representative in sworn deposition testimony, that it does not calculate the cost of postage, processing, paper, staff overhead or any other form of cost measurement. The consideration paid by Plaintiff and the class members was not for goods/services actually furnished or performed, or to cover the cost incurred by Defendant to process the records, but instead was for fictitious charges levied merely as a profit center for Defendant, at the expense of law firms. In particular, the time, effort, and costs incurred by Defendant for processing the pharmacy records are *de minimis*. Yet, Defendant charges and collects excessive and inflated amounts which are in no way related to the actual costs incurred, and thus constitutes unfair, unreasonable, and/or unconscionable price or fee under the common law. Defendant's assessment and collection of an unreasonable fee of $75.00 or $90.00 for, at the most, several pages of information, in this regard, constitutes a breach of contract between Defendant and Plaintiff and the class members.

b.     Defendant has breached contracts, whether express or implied, with Plaintiff and the class members by charging a processing fee for pharmacy records which is so high as to be unconscionable, both procedurally and substantively. Defendant's

10

customers who use an agent or agents to procure copies of their pharmacy or health records have no meaningful choice to obtain those records other than through Defendant itself. Knowing this, Defendant requires that a uniform price which is unreasonably favorable to Defendant be paid before a customer's pharmacy records or prescription history will be released, thus allowing Defendant to reap an exorbitant return. Under these circumstances, Defendant charges an unconscionably high fee for records which customers are entitled to have reasonable access to their health records. The unconscionability surrounding Defendant's fees for pharmacy records requests results in a breach of contract or otherwise voids any contracts between Defendant and Plaintiff and the class members.

c.      By agreeing that "Prescription Claims Information/Prescription History (PBM records)" and/or "mail order records" are protected by federal privacy regulations and then breaching the agreement by violating HIPAA and/or the HITECH ACT and its related regulations.

38.      In a typical transaction between Defendant and a customer, Defendant supplies a HIPAA Form and invoice that includes language about a $75.00 or $90.00 "processing" fee being non-refundable and for "processing" costs. This form creates a contract between the parties and forms the basis of their bargain.

39.      Defendant claims that in certain circumstances it may provide records at no charge if directly requested by a customer, but nowhere on its invoices or forms, or on its customer prescription benefit cards, does it advise customers of this option. Furthermore, the option of receiving a copy of records at no charge is not available to customers using third parties to request

11

their records. Such third parties, commonly law firms, are frequently utilized by class members, including Plaintiff, because they are unable to request their own health records for reasons including lack of Internet access, lack of phone access, debilitating injuries, the complexity and number of their health providers, and the unreasonable length of time it takes to call and wait on hold for Defendant's employees to process requests.

40.         By virtue of the improper business practices described throughout this Complaint, Defendant has violated the covenant of good faith and fair dealing present in every contract. The covenant of good faith and fair dealing present in every contract is premised on, among other things, the observance of reasonable commercial standards of fair dealing. By charging the excessive and unreasonable fees described herein, which in no way relate to Defendant's actual costs incurred in processing pharmacy records requests, Defendant has violated and continues to violate the covenant of good faith and fair dealing present in every contract.

41.         Defendant's customer, by and through their attorney-at-law and/or other authorized representatives, paid Defendant the assessed fees without full knowledge that the flat-fees assessed by Defendant were in no way related to the actual costs incurred by Defendant and instead were a mere profit center. Further, as stated, without paying the exorbitant fees, Defendant's customers or their authorized representatives have no meaningful choice or alternate means of accessing their pharmacy records which are in Defendant's exclusive possession.

42.         As a result of Defendant's breach of contract, Plaintiff and class members were caused to suffer compensable damages and losses.

43.         Good faith is an element of every contract.  Whether by common law or statute, all such contracts impose upon each party a duty of good faith and fair dealing.  Good faith and fair dealing, in connection with executing contracts and discharging performance and other

duties according to their terms, means preserving the spirit – not merely the letter – of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form.  Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

44.        Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes his conduct to be justified.  A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty.  Examples of violations of good faith and fair dealing are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

45.        Plaintiff and the Class have performed all, or substantially all, of the obligations imposed on them under the agreement.

46.        Plaintiff and members of the Class have sustained damages as a result of Defendant's breaches of the agreement and/or as a result of Defendant's breaches of the agreement as modified by the covenant of good faith and fair dealing.

## PRAYER FOR RELIEF

47.    WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, demands judgment as follows:

A.    A determination that this action is a proper class action for compensatory, consequential, and statutory damages as alleged herein;

B.    For pre-judgment interest from the date of filing this suit;

C.    For reasonable attorney's fees and expenses;

D.    For exemplary and punitive damages;

E.    For all costs of this proceeding;

F.     Restitution of all fees paid to Defendant in excess of what the law allows;

G.     A preliminary injunction enjoining Defendant and all others, known and unknown, from continuing to take unfair, deceptive, illegal and/or unlawful action as set forth in this Complaint; and,

H.     Such other and further relief as this Honorable Court finds just and proper under the circumstances.

## **JURY DEMAND**

48.     WHEREFORE, as to each of the foregoing matters, Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: September 25, 2018                                Respectfully submitted,


                                                        */s/ D. Aaron Rihn*
                                                        D. Aaron Rihn, Esquire
                                                        PA ID No.: 85752
                                                        ROBERT PEIRCE & ASSOCIATES, P.C.
                                                        707 Grant Street
                                                        Suite 2500
                                                        Pittsburgh, PA 15219
                                                        Tel: 412-281-7229
                                                        Fax: 412-281-4229
                                                        arihn@peircelaw.com

                                                        Alex C. Davis, Esquire*
                                                        Jasper D. Ward, IV, Esquire*
                                                        JONES WARD
                                                        The Pointe
                                                        1205 E. Washington St., Suite 111
                                                        Louisville, Kentucky 40206
                                                        Tel: 502-882-6000
                                                        Fax: 502-587-2007
                                                        alex@jonesward.com
                                                        jasper@jonesward.com

14

*ATTORNEYS FOR PLAINTIFF AND
THE PROPOSED CLASS*

*\*To be admitted Pro Hac Vice*